```
FILED
CLERK
1/30/2018 2:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DOUGLAS STEWART WHITE,

                Plaintiff,

  -against-                   MEMORANDUM & ORDER
                                    15-CV-1035(JS)(SIL)
ROOSEVELT UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Douglas Stewart White, pro se
                   989 Clinton Place
                   Baldwin, NY 11510

For Defendant:     Gerald Stephen Smith, Esq.
                   Silverman and Associates
                   445 Hamilton Avenue, Suite 1102
                   White Plains, NY 10601

SEYBERT, District Judge:

      Pending before the Court is Defendant Roosevelt Union Free School District Board of Education's ("Defendant") motion to dismiss (Docket Entry 37) and Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R") recommending that this Court grant Defendant's motion in part and deny it in part (R&R, Docket Entry 48). For the following reasons, the Court ADOPTS Judge Locke's R&R in its entirety.

## BACKGROUND

      On February 24, 2015, pro se Plaintiff Douglas Stewart White ("Plaintiff") commenced this action alleging that Defendant discriminated against him in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. (the "ADA"). (Compl., Docket Entry 1, at 1.) On September 8, 2016, the Court dismissed Plaintiff's claims without prejudice and with leave to file an Amended Complaint. (Sept. 2016 Order, Docket Entry 33, at 3.)

On January 9, 2017, Plaintiff filed an Amended Complaint asserting claims for discrimination under Title VII, the ADA, and 42 U.S.C. § 1981 ("Section 1981"). (Am. Compl., Docket Entry 35, ¶ 1.) Additionally, he alleged state law claims for harassment and slander. (Am. Compl. ¶ 2.) Defendant moved to dismiss on March 9, 2017, and on October 12, 2017, the undersigned referred the motion to Judge Locke for an R&R on whether the motion should be granted. (Referral Order, Docket Entry 47.) On December 20, 2017, Judge Locke issued his R&R. Judge Locke concluded that Plaintiff sufficiently alleged claims for racial discrimination, hostile work environment, and retaliation under Title VII and for racial discrimination under Section 1981. (R&R at 9-17.) However, he recommends that the Court dismiss Plaintiff's ADA and state law claims without prejudice and with leave to file a Second Amended Complaint. (R&R at 18-22.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and

2

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Locke's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Locke's R&R (Docket Entry 48) is ADOPTED in its entirety and Defendant's motion to dismiss (Docket Entry 37) is GRANTED IN PART and DENIED IN PART. Plaintiff's Title VII and Section 1981 claims will proceed. However, Plaintiff's ADA and state law claims are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to file a Second Amended Complaint in an effort to assert viable claims under the ADA and state law consistent with the requirements set forth in Judge Locke's R&R. Any Amended Complaint shall be titled "Second Amended Complaint" and bear the same docket number as this Order, No. 15-CV-1035(JS)(SIL). If Plaintiff wishes to pursue the ADA and state law claims, he is

3

directed to file his Second Amended Complaint within sixty (60) days from the date of this Memorandum & Order. Plaintiff is cautioned that a Second Amended Complaint, if he chooses to file one, will completely replace the Amended Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Second Amended Complaint. The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

<u>/s/ JOANNA SEYBERT    </u>
Joanna Seybert, U.S.D.J.

Dated:   January <u> 30 </u>, 2018
         Central <u>Islip,</u> New York