```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DOUGLAS S. WHITE,

                Plaintiff,                    MEMORANDUM & ORDER
                                              15-CV-1035 (JS)(JMW)
     -against-

ROOSEVELT UNION SCHOOL DISTRICT
BOARD OF EDUCATION,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Douglas S. White, pro se
                    989 Clinton Place
                    Baldwin, New York  11510

For Defendant:      Gerald S. Smith, Esq.
                    Silverman & Associates
                    445 Hamilton Avenue, Suite 1102
                    White Plains, New York  10601
```

SEYBERT, District Judge:

Roosevelt Union School District Board of Education ("Defendant") moves pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule") seeking summary judgment (hereafter, the "Motion") (ECF No. 93), against Douglas S. White ("Plaintiff"). Plaintiff, likewise, moves pursuant to the same Rule seeking summary judgment against Defendant (hereafter, the "Cross-Motion") (ECF No. 105). For the reasons that follow, Defendant's Motion is DENIED WITHOUT PREJUDICE TO RENEW, and Plaintiff's Cross-Motion is also DENIED WITHOUT PREJUDICE TO RENEW.

BACKGROUND

I. Facts & Procedural History

The Court presumes the parties' familiarity with the background facts giving rise to the instant Motion and Cross-Motion. Therefore, an extensive recitation of the same is not provided; rather, the Court provides only those facts necessary to determine the instant motions before it.

PROCEDURAL HISTORY

On July 24, 2020, Defendant filed a Rule 56.1 Statement (Def.'s 56.1 Stmt., ECF No. 76), and a letter motion for a premotion conference regarding a proposed motion for summary judgment (PMC Request, ECF No. 77). After being granted numerous extensions, Plaintiff filed a Rule 56.1 Counterstatement on December 22, 2020. (Pl.'s 56.1 Counterstatement, ECF No. 89). To his Counterstatement Plaintiff attached, inter alia, letters from witnesses, and various audio and video recordings that he intended to rely upon in opposing Defendant's motion. (See id.) Plaintiff made no attempt to authenticate any of the audio or video evidence either through a personal affidavit or otherwise. (Id.) On April 23, 2021, the Court waived its premotion conference requirement and set a briefing schedule on Defendant's Motion. (See Apr. 23, 2021 Elec. Order.) On June 15, 2021, Defendant filed its Notice of Motion, along with supporting documents. (See Motion; Support

Memo, ECF No. 94; Glenn Decl., ECF No. 95.) Copies of Defendant's Notice and supporting documents were served upon Plaintiff via overnight mail. (Cert. of Serv., ECF No. 96). On February 28, 2022, Plaintiff opposed Defendant's Motion and filed his Cross-Motion. (See Cross-Motion.) Defendant replied to Plaintiff's Opposition and Cross-Motion, as well as Plaintiff's Rule 56.1 Counterstatement on March 30, 2022. (See Def.'s 56.1 Counterstatement, ECF No. 107; Reply, ECF No. 109). On the same day, Defendant served Plaintiff with those documents via regular mail. (Cert. of Serv., ECF No. 108).

## ANALYSIS

I. Legal Standard

  A. Summary Judgement Required Notices

Pursuant to Local Civil Rule 56.2, "[a]ny represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion . . . [a] Notice to Pro Se Litigant Opposing Motion for Summary Judgment." E.D.N.Y. Local Civil Rule 56.2 (emphasis added). As part of this required notice, the represented party is required to attach the full text of Federal Rule of Civil Procedure ("Rule") 56. (Id.) "The purpose of this rule is to ensure that a party acting pro se 'understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so.'" Rivera v. Goulart, No. 15-

3

CV-2197, 2018 WL 4609106, at *3 (S.D.N.Y. Sept. 25, 2018) (quoting Hartford Life Ins. Co. v. Einhorn, 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006)). The notice further serves the purpose of informing the pro se litigant "that he or she must submit evidence countering the facts asserted by the Defendant." Covello v. Depository Tr. Co., 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002). "The failure to include a Rule 56.2 Statement with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the pro se litigant understood the nature of the summary judgment motion." Hartford Life Ins. Co., 452 F. Supp. 2d at 120 (citing Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620-21 (2d Cir. 1999)); see also Vital, 168 F.3d at 620-21 (holding failure of the district court to apprise pro se litigant of consequences of failing to respond to a motion for summary judgment is grounds for reversal). The "linchpin of Rule 56.2 is whether a pro se [litigant] ultimately is aware of the basic requirements and ramifications of the adjudication of the summary judgment motion against him." Forsyth v. Fed'n Emp't & Guidance Serv., 409 F.3d 565, 572 (2d Cir. 2005), abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007).

"Notwithstanding, this requirement 'should not be understood, however, to set down an unyielding rule that prohibits district courts from acting upon motions for summary judgment

4

sought against pro se litigants in the absence of explanatory notice.'" Carzoglio v. Paul, No. 17-CV-3651, 2022 WL 5244727, *2 (S.D.N.Y. Oct. 6, 2022) (quoting Sawyer v. Am. Fed'n Of Gov't Emps., AFL-CIO, 180 F.3d 31, 35 (2d Cir. 1999). "On the contrary, the issue in each case remains whether from all of the circumstances, including the papers filed by the pro se litigant, it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences for not properly opposing it." Sawyer, 180 F.3d at 35.

II. Discussion

Here, Defendant failed to serve upon the pro se Plaintiff the required notice and statement under Local Rule 56.2. (See Case Docket, in toto.) While such failure is not fatal where the pro se party's papers and responses make clear that "he understood the consequences of a summary judgment motion and the requirements of a successful response," see e.g. M.B. v. Reish, 119 F.3d 230, 232 (2d Cir. 1997), such is not the case here. Indeed, after its careful review of the record, it is unclear to the Court whether the Plaintiff truly understood "his burden in responding to such a motion (i.e., that he must submit [admissible] evidence countering the facts asserted by Defendants and raising issues of fact for trial)." Carzoglio, 2022 WL 5244727, at *2. Notwithstanding the fact that Plaintiff submitted opposition to Defendant's Motion and a Cross-Motion, much of the evidence upon

5

which Plaintiff relied is either inadmissible or is not presented in an admissible format.[1] See Sawyer, 180 F.3d at 34 (holding that "in the absence of explicit notice, the mere existence of a response does not automatically give rise to the inference that a pro se litigant understood the nature of a summary judgment motion.")  For example, Plaintiff has provided no admissible, sworn affidavits either in support of his Cross-Motion or in opposition to Defendant's Motion.[2]  Additionally, to the extent Plaintiff intended to rely upon video/audio exhibits, none of these exhibits

---

[1] Additionally, while Plaintiff submitted a Rule 56.1 Counterstatement, the Court notes that many of Plaintiff's responses lack the requisite citations to admissible evidence.

[2] The notarized letters submitted by Plaintiff are inadmissible as they are neither presented in affidavit format nor are they sworn to under penalties of perjury. See DeMars v. O'Flynn, 287 F. Supp. 2d 230, 242 (W.D.N.Y. 2003):

> By definition, an affidavit is a sworn document, declared to be true under the penalties of perjury. . . .  To be considered in connection with a summary judgment motion, the rule requires that submissions in the form of statements be prepared as affidavits. . . .  Failure to submit materials in this form will cause the submission to be disregarded by the court in its consideration of the pending motion.

(quoting 11 MOORE'S FEDERAL PRACTICE, § 56.14(1)(b) (Matthew Bender 3d ed.)); Flowers v. Abex Corp., 580 F. Supp. 1230, 1233 n.2 (N.D. Ill. 1984) ("Merely notarizing the signature does not transform a letter into an affidavit.")  Similarly, to the extent Plaintiff intended to rely upon witness statements presented in the form of audio and/or video recordings, these too would be inadmissible for the same reasons.

6

were authenticated and, consequently, would not be admissible evidence that the Court could consider at the summary judgment stage. See Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 419 (S.D.N.Y. 2011).

In view of the foregoing, in its review of the Case Docket, as well as Plaintiff's response to Defendant's Motion, it is unclear to the Court whether Plaintiff truly understood his burden in responding to Defendant's Motion, especially that, to meet that burden, he could rely only upon admissible evidence. Had Plaintiff been served with the required notice pursuant to Local Rule 56.2, along with a copy of Rule 56, this may have not been the case. As such, out of an abundance of caution, Defendant's motion must be denied.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Defendant's Motion for Summary Judgment (ECF No. 93) is DENIED WITHOUT PREJUDICE with leave to re-file in accordance with Local Rule 56.2. Plaintiff's Cross-Motion (ECF No. 105) is, likewise, DENIED WITHOUT PREJUDICE TO RENEW.

**IT IS FURTHER ORDERED**, that on or before July 21, 2023 and after consulting with Plaintiff, Defendant shall file a letter with this Court proposing a new briefing schedule on a renewed motion for summary judgment or otherwise informing the Court how

7

the parties wish to proceed with this case.[3]  The parties are further directed to detail all settlement efforts entered into thus far, and whether the parties are amenable to referral to mediation.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT  
                                        Joanna Seybert, U.S.D.J.

Dated: July 10, 2023  
      Central Islip, New York

---

[3] Should Plaintiff require assistance in properly responding to a renewed summary judgment motion he may contact the Hofstra University Pro Se Legal Assistance Program, located within the Central Islip Courthouse, at (631) 297-2575 or PSLAP@Hofstra.edu.